IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ESTATE OF JOSEPH LAVERNE**
**STURDIVANT,** *et al.*  **PLAINTIFFS**

v.  CIVIL ACTION NO. 5:19-CV-22-KS-MTP

**VICTOR SMITH**  **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

For the reasons above, the Court **denies in part and defers ruling in part** on Defendant's Motion for Judgment on the Pleadings [6]. The Court denies the motion with respect to Defendant's arguments concerning res judicata and collateral estoppel. The Court defers ruling on Defendant's qualified immunity argument. Plaintiff shall file a Rule 7(a) reply on or before **July 30, 2019**. Defendant may then file a supplemental brief on or before **August 7, 2019**, to which Plaintiff may respond on or before **August 14, 2019**.

## I. BACKGROUND

This is the second lawsuit arising from the death of Joey Sturdivant, a pretrial detainee in the Adams County Jail. In March 2016, four other inmates assaulted Sturdivant. Officers then segregated Sturdivant by putting him in "the hold." One of the inmates who had assaulted him gained access to Sturdivant's cell and attacked him once again. Plaintiffs allege that Defendant, a correctional officer, conspired with inmates to release them from their cells and give them access to Sturdivant's cell.

Later that day, officers found Sturdivant dead in his cell. He had hanged himself with a sheet. Plaintiffs allege that Sturdivant had threatened to commit suicide, and that he had been behaving erratically earlier that day.

In February 2017, Sturdivant's mother filed a lawsuit in this Court against Adams County, Mississippi, Victor Smith, and two other correctional officers. *See* Complaint, *Sturdivant v. Adams County, Miss.*, No. 5:17-CV-20-KS-MTP (S.D. Miss. Feb. 15, 2017), ECF No. 1. The Court dismissed Plaintiffs' claims against the other two officers. Memorandum Opinion and Order at 3-5, *Sturdivant v. Adams County, Miss.*, No. 5:17-CV-20-KS-MTP (S.D. Miss. Apr. 7, 2017), ECF No. 11. The remaining Defendants – Adams County and Victor Smith – eventually filed motions for summary judgment, which the Court granted. Memorandum Opinion and Order, *Sturdivant v. Adams County, Miss. (Sturdivant I)*, No. 5:17-CV-20-KS-MTP (S.D. Miss. Dec. 18, 2018), ECF No. 71.

First, the Court held that Plaintiffs did not have standing to assert Section 1983 claims arising from Victor Smith's alleged use of excessive force and failure to protect Sturdivant from other inmates. *Id.* at 4-7. The Court noted that standing under Section 1983 is determined by reference to the venue state's wrongful death or survival statutes. *Id.* at 4 (citing *Pluet v. Frazier*, 355 F.3d 381, 383 (5th Cir. 2004)). Under Mississippi law, only an estate's administrator can bring an action for survival claims. *Johnson v. Med. Express Ambulance Serv., Inc.*, 565 F. Supp. 2d 699, 703 (S.D. Miss. 2008); MISS. CODE ANN. § 91-7-233. However, wrongful death beneficiaries may

2

"recover survival-type damages" in a wrongful death action for personal injuries sustained by the decedent as long as "the same wrongful conduct caused both [his] personal injury and death . . . ." *Johnson*, 565 F. Supp. 2d at 703. If the same conduct that allegedly caused the injury to the decedent did not cause his death, the wrongful death beneficiaries can not recover on the survival claim under the wrongful death statute. *In re Estate of England*, 846 So. 2d 1060, 1068 (Miss. Ct. App. 2003).

Plaintiffs failed to respond to Defendants' request for an admission that the "sole proximate cause of Joseph Laverne Sturdivant's death was suicide." *See* Exhibit 4, *Sturdivant v. Adams County, Miss.*, No. 5:17-CV-20-KS-MTP (S.D. Miss. Sept. 17, 2018), ECF No. 50-4. Therefore, in Plaintiffs' previous case, it was conclusively established that the "sole proximate cause" of Sturdivant's death was suicide. *See* FED. R. CIV. P. 36(b). Because the misconduct alleged by Plaintiffs – Smith's use of excessive force and failure to protect Sturdivant from other inmates – did not cause Sturdivant's death, his wrongful death beneficiaries could not recover on the survival claims. *Sturdivant I*, at 5.

Moreover, standing is assessed by reference to the time when a suit was filed, *Three Expo Events, LLC v. City of Dallas*, 907 F.3d 333, 345 (5th Cir. 2018), and Plaintiffs did not open Sturdivant's estate until they received Defendants' Motions for Summary Judgment, eighteen months after the suit was filed. Therefore, the Court held that Plaintiffs did not have standing to pursue Sturdivant's § 1983 claims for injuries caused by Smith's alleged use of excessive force and/or failure to protect

3

him from other inmates. The Court dismissed those claims without prejudice.

Smith also argued that Plaintiffs did not plead any claim that he was deliberately indifferent to the risk of Sturdivant committing suicide. The Court agreed, noting that Plaintiffs did not mention suicide in the Complaint. Plaintiffs had also not requested leave to amend the complaint. Therefore, the Court concluded that there were no claims before the court related to Smith's alleged deliberate indifference to the risk that Sturdivant would commit suicide.

The Court entered a final judgment. Plaintiffs later filed a motion for relief from the judgment as to their purported claim that Smith was deliberately indifferent to the risk that Sturdivant would prevent suicide, but the Court denied the motion. *Sturdivant v. Adams County, Miss.*, No. 5:17-CV-20-KS-MTP, 2019 WL 722598 (S.D. Miss. Feb. 20, 2019).

Less than a month later, Plaintiffs filed this lawsuit. Victor Smith, in his individual capacity, is the only Defendant. Plaintiffs allege that Smith violated Sturdivant's rights by failing to provide necessary medical care, failing to prevent his suicide, and failing to protect him from other inmates. Smith filed a Motion for Judgment on the Pleadings [6]. He argues that Plaintiffs' claims are barred by the doctrines of collateral estoppel and res judicata. He also argues that he is entitled to qualified immunity from liability.

## II. STANDARD OF REVIEW

A "motion for judgment on the pleadings under Rule 12(c) is subject to the same

4

standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

### III. DISCUSSION

#### A.     *Collateral Estoppel*

First, Defendant argues that Plaintiffs are estopped from relitigating the cause of Sturdivant's death because it was conclusively established in the previous case that the sole, proximate cause of death was suicide. Therefore, Defendant contends that any allegation or claim that a failure to provide medical care or failure to protect Sturdivant from other inmates proximately caused or contributed to his death should

5

be dismissed with prejudice pursuant to the doctrine of collateral estoppel.

"Collateral estoppel," or "issue preclusion," "bars the relitigation of issues actually adjudicated, and essential to the judgment, in a prior litigation between the same parties." *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535-36 (5th Cir. 1978). Issue preclusion is appropriate where four conditions are met. *United States v. Shanbaum*, 10 F.3d 305, 311 (5th Cir. 1994). "First, the issue under consideration in a subsequent action must be identical to the issue litigated in a prior action. Second, the issue must have been fully and vigorously litigated in the prior action. Third, the issue must have been necessary to support the judgment in the prior case. Fourth, there must be no special circumstance that would render preclusion inappropriate or unfair." *Id.*

Rule 36(b) specifically provides that an "admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding." FED. R. CIV. P. 36(b). Moreover, an issue must have been "fully . . . litigated" in a prior action for issue preclusion to apply. *Shanbaum*, 10 F.3d at 311. Therefore, "a finding based on the admission that results from failure to respond to a request for admissions . . . does not support issue preclusion." 18A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 4443 (3d. ed. 2019); *see also In re Cassidy*, 892 F.2d 637, 640 (7th Cir. 1990) (a tax court judgment based solely on admissions cannot be a bar in later proceeding); *Bodrick v. United States Dep't of Homeland Security*, 2011 WL 3501871, at *11 (W.D.N.C. Aug. 10, 2011)

6

(admission by failing to respond to an request for admission does not constitute litigating an issue such that issue preclusion applies in a later proceeding); *cf. In re Pancake*, 106 F.3d 1242, 1244 (5th Cir. 1997) (state-court default judgment did not have preclusive effect where there is no evidence the state court held a hearing, received evidence, and adjudicated an issue).

## B. *Res Judicata*

Next, Defendant argues that Plaintiffs' claims are barred by the doctrine of res judicata. "Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). The defense has four elements: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id.*

In the previous case, the Court ruled that Plaintiffs did not have standing to pursue Sturdivant's survival claims arising from the alleged use of excessive force and violation of his right to be protected from other inmates. Standing is jurisdictional. *See, e.g. La. Landmarks Soc., Inc. v. City of New* Orleans, 85 F.3d 1119, 1122 n. 3 (5th Cir. 1996). "[T]he dismissal of a complaint for lack of jurisdiction does not adjudicate the merits so as to make the case res judicata on the substance of the asserted claim . . . ." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 1489, 469 (5th Cir.

7

2013). Rather, it adjudicates the court's jurisdiction, "and a second complaint cannot command a second consideration of the same jurisdictional claims." *Id.* Plaintiffs' standing is not in dispute because Sturdivant's estate had already been opened when they filed this suit. Therefore, the Court did not enter a final judgment on the merits of Plaintiffs' claims against Smith in the previous case, and res judicata does not apply. *See also* FED. R. CIV. P. 41(b); 18A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 4436 (3d. ed. 2019).

## C.  *Qualified Immunity*

Finally, Defendant argues that Plaintiffs failed to allege sufficient facts to defeat a defense of qualified immunity. In response, Plaintiffs contend that they pleaded sufficient facts, and that the Court should address Defendant's qualified immunity argument in a later motion for summary judgment.

Plaintiffs' "factual allegations" are, in substantial part, conclusory recitations of general elements of Plaintiffs' causes of action and the law regarding qualified immunity. When qualified immunity is raised at the pleading stage, "[h]eightened pleading" is required. *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1991). The plaintiff must provide "allegations of fact focusing specifically on the conduct of the individual who caused the plaintiffs' injury." *Id.* In other words, a "plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Backe v. Leblanc*, 691

8

F.3d 645, 648 (5th Cir. 2012). The plaintiff must "speak to the factual particular of the alleged actions, at least when those facts are known to the plaintiff and are not peculiarly within the knowledge of defendants." *Schultea v. Wood*, 47 F.3d 1427, 1432 (5th Cir. 1995).

When a qualified immunity defense is offered on the pleadings, "the court may, in its discretion, insist that a plaintiff file a reply tailored to an answer pleading the defense of qualified immunity." *Id.* at 1433-34. The reply must be "tailored to the assertion of qualified immunity and fairly engage its allegations." *Id.* at 1433. Therefore, the Court orders Plaintiff, on or before **July 30, 2019**, to file a Rule 7(a) reply tailored to address Defendant's arguments regarding qualified immunity. Defendant may then file a supplemental brief on or before **August 7, 2019**, to which Plaintiff may respond on or before **August 14, 2019**. The Court defers ruling on Defendant's qualified immunity argument.

## IV. CONCLUSION

For the reasons above, the Court **denies in part and defers ruling in part** on Defendant's Motion for Judgment on the Pleadings [6]. The Court denies the motion with respect to Defendant's arguments concerning res judicata and collateral estoppel. The Court defers ruling on Defendant's qualified immunity argument. Plaintiff shall file a Rule 7(a) reply on or before **July 30, 2019**. Defendant may then file a supplemental brief on or before **August 7, 2019**, to which Plaintiff may respond on or before **August 14, 2019**.

9

SO ORDERED AND ADJUDGED this 17th day of July, 2019.

                                               /s/   Keith Starrett
                                                          KEITH STARRETT
                                        UNITED STATES DISTRICT JUDGE