# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

ESTATE OF JOSEPH LAVERNE
STURDIVANT, *et al.*                                          PLAINTIFFS

v.                                   CIVIL ACTION NO. 5:19-CV-22-KS-MTP

VICTOR SMITH                                                  DEFENDANT

## MEMORANDUM OPINION AND ORDER

The Court previously explained the background of this case. On July 17, 2019, the Court entered a Memorandum Opinion and Order [13] denying in part and deferring ruling in part on Defendant's Motion for Judgment on the Pleadings [6]. The Court denied the motion in part, but it deferred ruling on Defendant's qualified immunity argument. The Court ordered Plaintiff to file a Rule 7(a) reply on or before July 30, 2019, tailored to address Defendant's arguments regarding qualified immunity. Plaintiff did not comply with the Court's order. Therefore, the Court will address Defendant's motion based on the allegations in the Complaint [1].

## A.    *Standard of Review*

A "motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*,

624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

"[W]hen, as here, a qualified immunity defense is asserted in an answer or a motion to dismiss, the district court must – as always – do no more than determine whether the plaintiff has filed a short and plain statement of his complaint, a statement that rests on more than conclusions alone." *Anderson v. Valdez*, 845 F.3d 500, 589-90 (5th Cir. 2016). This is not a heightened pleading standard, *id.* at 590, but the plaintiff must "plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Hinojosa v. Livingston*, 807 F.3d 657, 664 (5th Cir. 2015). In that respect, it is no different than the typical 12(b)(6) standard of review under *Iqbal*.

**B.    *Qualified Immunity***

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009). "Although nominally a defense, the plaintiff has the burden to negate the defense once properly raised." *Poole v. Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).

There are two steps in the Court's analysis. First, the Court determines whether the defendant's "conduct violates an actual constitutional right." *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). Second, the Court must "consider whether [the defendant's] actions were objectively unreasonable in the light of clearly established law at the time of the conduct in question." *Id.* The Court may address either step first. *Pearson*, 555 U.S. at 236.

"The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Brumfield*, 551 F.3d at 326. The Court "applies an objective standard based on the viewpoint of a reasonable official in light of the information then available to the defendant and the law that was clearly established at the time of the defendant's actions." *Freeman v. Gore*, 483 F.3d 404, 411 (5th Cir. 2007).

**C.    *Count I – Failure to Protect from Other Inmates***

In Count I of the Complaint, Plaintiff alleged that Defendant failed to protect

the Decedent, Joseph Sturdivant, from an attack by other inmates, in deliberate disregard to the substantial risk of injury to him. Complaint at 3-4, *Sturdivant v. Smith*, No. 5:19-CV-22-KS-MTP (S.D. Miss. Mar. 15, 2019), ECF No. 1. Plaintiff specifically alleged that Defendant intentionally "unlocked the box outside of the hold and flipped the switch that released Jerome Harris from his cell, and then released Kelcey Watson . . . ." *Id.* at 3. Plaintiff further alleges that Defendant "left the keys in the panel and opened the door and left the hold," permitting Harris and Watson to assault Sturdivant. *Id.* Plaintiff claims that these actions violated Sturdivant's Fourteenth Amendment rights.

"The constitutional rights of a pretrial detainee . . . flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment." *Garza v. City of Donna*, 922 F.3d 626, 632 (5th Cir. 2019). "[W]hen the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs – e.g., food, clothing, shelter, medical care, and reasonable safety – it transgresses the substantive limits on state action set by the . . . Due Process Clause." *Reed v. Wichita County*, 795 F.3d 456, 462 (5th Cir. 2015) (quoting *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200, 109 S. Ct. 998, 103 L. Ed. 2d 249 (1989)).

Among other things, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners . . . ." *Leal v. Wiles*, 734 F. App'x 905, 909 (5th

Cir. 2018) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833-34, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). But "not every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* (punctuation omitted). Rather, to succeed on a "failure to protect" theory, Plaintiff must show that Sturdivant "was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to [his] need for protection." *Ard v. Rushing*, 597 F. App'x 213, 219 (5th Cir. 2014) (quoting *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995)).

To be deliberate indifferent to a detainee's risk of harm from other inmates, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016); *see also Johnson v. Johnson*, 694 F. App'x 945, 946 (5th Cir. 2017). "[E]vidence that an official was aware of a substantial risk to inmate safety does not alone establish deliberate indifference." *Hyatt*, 843 F.3d at 177. Rather, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.*

Plaintiff alleged specific facts from which a jury could reasonably find that Defendant was deliberately indifferent to Sturdivant's right to be free from violence at the hands of other inmates. Specifically, Plaintiff alleged that Defendant intentionally released Harris and Watson from their cells and left the key to

Sturdivant's cell where they could use it to reach him. Therefore, the Court denies Defendant's motion with respect to Plaintiff's failure-to-protect claim.

**D.      *Count II – Failure to Provide Medical Care***

In Count II of the Complaint, Plaintiff alleged that Defendant failed to provide necessary medical care to Sturdivant in violation of his Fourteenth Amendment rights. It is not clear whether this constitutes a separate claim from Plaintiff's claim that Defendant failed to prevent Sturdivant's suicide. In other words, it is not clear whether Plaintiff claims that Defendant failed to provide Sturdivant medical care for the injuries he sustained in the assault by other inmates or to prevent him from committing suicide. Ultimately, it doesn't matter because Plaintiff did not allege facts to support the claim.

"[S]tate officials have a duty under the Fourteenth Amendment to provide involuntarily detained persons with 'basic human needs, including medical care.'" *Perniciaro v. Lea*, 901 F.3d 241, 255 (5th Cir. 2018) (quoting *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996)). "A pretrial detainee's right to medical care is violated if 'an officer acts with deliberate indifference to a substantial risk of serious medical harm and resulting injuries.'" *Brown v. Strain*, 663 F.3d 245, 249 (5th Cir. 2011) (quoting *Mace v. City of Palestine*, 333 F.3d 621, 625 (5th Cir. 2003)). Under this standard, the plaintiff must show that the official "acted with subjective deliberate indifference to [his] need for medical care." *Id.* "To show subjective deliberate indifference, [the plaintiff] must present evidence: (1) that [the defendant]

had 'subjective knowledge of facts from which an inference of substantial risk of serious harm could be drawn;' (2) that [the defendant] 'actually drew that inference;' and (3) that [defendant's] response to the risk indicates that he 'subjectively intended that harm to occur.'" *Id.* (quoting *Tamez v. Manthey*, 589 F.3d 764, 770 (5th Cir. 2009)).

Plaintiff did not plead any specific facts demonstrating that Defendant had subjective knowledge of facts from which he could infer that Sturdivant was at a substantial risk of serious harm if he did not receive medical care for the injuries he allegedly received in the assault from the other inmates. Moreover, Plaintiff did not plead any specific facts demonstrating that Defendant drew such an inference. At best, Plaintiff pleaded the general, boilerplate elements of a Fourteenth Amendment claim in this context. That is not enough to survive a motion to dismiss or to defeat a claim of qualified immunity. Therefore, the Court grants Defendant's motion with respect to any Fourteenth Amendment claim premised upon Defendant's alleged failure to provide medical care for the injuries Sturdivant allegedly received from other inmates.

## E.     *Count II – Failure to Prevent Suicide*

Finally, in Count II of the Complaint, Plaintiff alleged that Defendant failed to prevent Sturdivant from committing suicide in violation of his Fourteenth Amendment rights. "The failure to provide pre-trial detainees with adequate protection from their known suicidal impulses is actionable under § 1983 as a

violation of the detainee's constitutional rights." *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 391 (5th Cir. 1992). The deliberate-indifference standard articulated above applies here as well. *See, e.g. Kane ex rel. Kane v. County of Hardeman, Tex.*, 254 F.3d 1081, 2001 WL 564126, at *1 (5th Cir. 2001). Under this standard, the plaintiff must show that the official "acted with subjective deliberate indifference to [his] need for medical care." *Brown*, 663 F.3d at 249. "To show subjective deliberate indifference, [the plaintiff] must present evidence: (1) that [the defendant] had 'subjective knowledge of facts from which an inference of substantial risk of serious harm could be drawn;' (2) that [the defendant] 'actually drew that inference;' and (3) that [defendant's] response to the risk indicates that he 'subjectively intended that harm to occur.'" *Id.* (quoting *Tamez*, 589 F.3d at 770).

Plaintiff alleged that after the assault Sturdivant "pleaded with [Defendant] to remove him from the hold and that zone away from the presence of Harris and the other detainees located in the hold." Complaint [1], at 3. Plaintiff also alleged "that another inmate observed Sturdivant in his cell, behaving erratically but no remedial action was taken by [Defendant]. A short time thereafter deputies and jailers reported to Sturdivant's cell and he was discovered hanging from a sheet and having deceased." *Id.*

These factual allegations are not sufficient to demonstrate that Defendant was subjectively aware of facts from which he could have drawn an inference that there was a substantial risk that Sturdivant would commit suicide. First, Plaintiff did not

plead any facts demonstrating that Defendant was aware of Sturdivant's alleged erratic behavior. Second, even if Defendant had been aware that Sturdivant was "behaving erratically," Plaintiff has not provided enough factual detail regarding Sturdivant's behavior to demonstrate that Defendant could have inferred that there was a substantial risk that he would commit suicide. Therefore, the Court grants Defendant's motion with respect to any Fourteenth Amendment claim premised upon Defendant's alleged failure to prevent Sturdivant's suicide.

## F.    *Conclusion*

For these reasons, the Court **grants in part and denies in part** Defendant's Motion for Judgment on the Pleadings [6] with respect to Plaintiff's claims against Defendant Smith. The Court denies the motion as to Plaintiff's claim that Defendant failed to protect Sturdivant from other inmates, but the Court grants the motion in all other respects.

SO ORDERED AND ADJUDGED this 28th day of August, 2019.

                                        /s/      Keith Starrett
                                        KEITH STARRETT
                                        UNITED STATES DISTRICT JUDGE