IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


ESTATE OF JOSEPH LAVERNE
STURDIVANT, *et al.*                                                PLAINTIFFS

v.                                       CIVIL ACTION NO. 5:19-CV-22-KS-MTP

VICTOR SMITH                                                         DEFENDANT


## MEMORANDUM OPINION AND ORDER

For the reasons provided below, the Court **denies** Defendant's Motion to Dismiss [30].

## I. BACKGROUND

The Court discussed the background of this case in its Memorandum Opinion and Orders [13] [14] of July 17 and August 28, 2019. This is the second lawsuit arising from the death of Joey Sturdivant, a pretrial detainee in the Adams County Jail. Plaintiffs allege that Defendant, a correctional officer, violated Sturdivant's rights by failing to provide necessary medical care, failing to prevent his suicide, and failing to protect him from other inmates. Defendant filed a Motion to Dismiss [30] Plaintiffs' Section 1983 claims arising from his alleged failure to provide medical care and failure to prevent Sturdivant's suicide. Plaintiffs did not respond to the motion, and it is ripe for review.

## II. STANDARD OF REVIEW

The Court will construe Defendant's Motion to Dismiss [30] as a motion for

judgment on the pleadings under Rule 12(c), which is subject to the same standard of review as a motion under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). To survive a motion to dismiss under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

### III. DISCUSSION

Defendant argues that Plaintiffs' Section 1983 claims for failure to provide medical care and failure to prevent Sturdivant's suicide are barred by the applicable statute of limitations. "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

"The statute of limitations for Section 1983 claims is the forum state's personal-injury limitations period . . . ." *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 421 (5th Cir. 2016); *see also Walker v. Epps*, 550 F.3d 407, 415 (5th Cir. 2008). Therefore, Section 1983 claims must be filed "within three (3) years next after the cause of such action accrued, and not after." MISS. CODE ANN. § 15-1-49. A Section 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Smith*, 827 F.3d 421. Therefore, "the limitations period begins when the plaintiff is in possession of the critical facts that he has been hurt and who has inflicted the injury." *Id.*

Defendant asserts that Plaintiffs' claims accrued on March 17, 2016 – the day that Sturdivant died. However, Defendant did not provide any substantial argument in support of this assertion or cite to the allegations in the Amended Complaint to support it. Likewise, Defendant did not provide any argument as to whether the Amended Complain relates back to the initial Complaint, or as to whether the statute of limitations was tolled during the pendency of the previous lawsuit. The Court does not suggest any particular answer to these questions. Rather, the Court poses them to illustrate that the question of whether Plaintiffs' causes of action are barred cannot be answered by merely referring to the date of Sturdivant's death. In the absence of more thorough argument, the Court declines to dismiss Plaintiffs' claims.

## IV. CONCLUSION

The Court **denies** Defendant's Motion to Dismiss [30]. Defendant has not demonstrated that it is "evident from the plaintiff's pleadings," *Jones*, 339 F.3d at

366, that Plaintiffs came into "possession of the critical facts that [Sturdivant had] been hurt and who . . . inflicted the injury," *Smith*, 827 F.3d 421, on March 17, 2016, the day Sturdivant died.

SO ORDERED AND ADJUDGED this 6th day of April, 2020.

                                           /s/    Keith Starrett
                                                KEITH STARRETT
                                     UNITED STATES DISTRICT JUDGE