IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ESTATE OF JOSEPH LAVERNE STURDIVANT,
TRISTEN STURDIVANT, AND CHLOE STURDIVANT            PLAINTIFFS

VERSUS            CIVIL ACTION NO. 5:19-cv-22-KS-MTP

VICTOR SMITH            DEFENDANT

## ORDER

THIS MATTER is before the Court on Plaintiffs' Motion for Issuance of Subpoenas Duces Tecum [75]. Plaintiffs requested an order from the Court granting the issuance of subpoenas to the Natchez Police Department, the Adams County Sherriff's Office, the Adams County Jail, and the Mississippi Bureau of Narcotics. Plaintiffs argued they needed information from these organizations to impeach the Defendant's testimony and to determine if the decedent was a confidential informant.

Defendant opposes the Motion [75] and filed a Response [81] on July 21, 2020. Defendant argues that the motion is untimely, considering the discovery deadline, and the requested information is not relevant to the issues identified in the Complaint. Plaintiffs did not file a reply, which was due on July 28, 2020.

The Court agrees that the Motion [75] is untimely. Plaintiffs filed their discovery motion on July 8, 2020 and the discovery deadline expired on July 15, 2020. The briefing schedule for the motion was not complete until July 28, 2020, and the Court could not have granted Plaintiff's request within the discovery period. *See* L. U. Civ. R. 7(b)(2)(C) ("A party must file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline"); *see also* L. U. Civ. R. 45(e) ("Motions regarding subpoenas will be considered

1

discovery motions and are governed by the procedural requirements that govern discovery motions.")

Additionally, a party need not seek the Court's leave before a party issues a subpoena under Rule 45. *See* Fed. R. Civ. R. 45(a)(3) (An attorney may issue and sign a subpoena if the attorney is authorized to practice in the issuing court).  Even if counsel had issued the subpoenas on the same day the motion was filed, it would not have allowed sufficient time for the third parties to comply with the subpoenas before the discovery deadline expired on July 15.

The Court may allow parties to conduct limited discovery out of time upon the parties' request and after the consideration of certain factors.  "The moving party should show: (1) the danger of prejudice to the nonmovant is minute; (2) the proceedings will not be delayed or adversely impacted; (3) the movant has a reasonable basis for the delay; and (4) the movant acted in good faith when it did not comply with the discovery deadline."  *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Blasio*, 2007 WL 2609781, at *2 (N.D. Miss. Sept. 5, 2007) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).  Here, the request comes at the end of the discovery period, which has already been extended twice, with no reason given why the discovery was not sought within the time provided.  Nor is the Court convinced that the information is sufficiently important to allow discovery out of time, as Plaintiffs describe the purpose of the subpoenas as a search for potential impeachment material.

IT IS, THEREFORE, ORDERED that Plaintiffs' Motion for Issuance of Subpoenas Duces Tecum [75] is DENIED.

SO ORDERED, this the 30th day of July, 2020.

s/Michael T. Parker_____<br>United States Magistrate Judge